

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MKM:MKP/JPM            *271 Cadman Plaza East*
F. #2017R00050            *Brooklyn, New York 11201*

June 5, 2018

By ECF and Email

The Honorable Jack B. Weinstein
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

         Re:    United States v. Richard Luthmann
               Criminal Docket No. 17-664 (JBW)

Dear Judge Weinstein:

        The government respectfully submits this letter in advance of the bail
revocation hearing scheduled for 10:15 a.m. on Wednesday, June 6. For the reasons set forth
below, the government respectfully requests that the Court revoke the defendant's bail for
violating his conditions of release by attempting to prevent the testimony of a witness (which
is the subject of Pretrial Services' request for a violation hearing) and for violating a
protective order issued by Judge Weinstein by distributing copies of wiretap interceptions
that had been provided in discovery pursuant to a highly restrictive Court order.

BACKGROUND

I.      <u>Indictment and Detention Proceedings</u>

        On December 15, 2017, the defendant and two co-defendants (who have since
pled guilt to various charges) were arrested on an indictment that charged the defendant with
eleven counts, including kidnaping, in violation of 18 U.S.C. § 1201(a)(1), kidnaping
conspiracy, in violation of 18 U.S.C. § 1201(a), extortionate collection of credit, in violation
of 18 U.S.C. § 894(a), extortionate collection of credit conspiracy, in violation of 18 U.S.C.
§ 894(a), brandishing a firearm during and in relation to those crimes of violence, in
violation of 18 U.S.C. § 924(c), wire fraud conspiracy, in violation of 18 U.S.C. § 1349,
money laundering, in violation of 18 U.S.C. § 1957, money laundering conspiracy, in
violation of 18 U.S.C. § 1957, and aggravated identity theft, in violation of 18 U.S.C. §
1028A (the "Indictment"). Among other facts, the Indictment alleges that the defendant, a

Staten Island lawyer, conspired to defraud overseas purchasers of scrap metal by sending them shipping containers filled primarily with cheap filler material, rather than the valuable metal they had contracted to buy.  Additionally, the Indictment alleges that on or about December 5, 2016 the defendant lured one of his co-conspirators in the scrap metal fraud to his law office under false pretenses, where the co-conspirator was then extorted at gunpoint over an outstanding debt.

   On the day of the defendant's arrest, the government submitted a detention memorandum arguing that there was no set of conditions that would adequately assure the safety of the community, the defendant's return to Court, the defendant's compliance with Court orders and the integrity of the trial process.  (Dkt. No. 6, attached as Ex. 1.)  The government argued specifically that the defendant's history of using his pen (and computer) to harass and intimidate people posed a danger to the community and the integrity of the trial process based on the risk that if released the defendant would intimidate witnesses:

> Luthmann is a danger to the community and creates a serious risk of undermining the integrity of the trial process because, in addition to his threats of physical violence against his rivals, he has also become notorious for cyberbullying and engaging in social media campaigns against political and personal rivals. Furthermore, there is ample evidence to suggest that he has also used lawsuits, including one lawsuit brought in this district, to further his personal vendettas against his perceived enemies, especially when more traditional thug tactics have failed. These nonviolent retaliations can have the same chilling effect as violence and demonstrate the serious risk of danger Luthmann poses to the community and of witness tampering and obstruction. Indeed, many witnesses have expressed fear of Luthmann's reprisals if they speak with law enforcement.

Id. at 12.

   On March 17, 2018, Luthmann moved before the Honorable Vera M. Scanlon for pretrial release and was released, over the government's objection, on a $1,500,000 bond secured by two properties and three IRA accounts owned by his mother and stepfather.  (Dkt. No. 89 (bond signed by the Honorable Steven M. Gold).)  Luthmann was placed on home detention under restrictive conditions.  The bond included the conditions that Mr. Luthmann not have any contact with witnesses outside the presence of counsel (id. at 1), and that Mr. Luthmann not violate any federal, state or local law while on release (id. at 2).

II.  <u>Attempt to Prevent Witness Testimony</u>

   Based on information obtained by the Federal Bureau of Investigation ("FBI"), on or about April 26, 2018, Mr. Romano contacted the attorney of a potential witness (the "potential witness") and told the attorney, in sum and substance, that if the lawyer provided

assurances that the potential witness was not cooperating with the government, a lawsuit between the potential witness and the defendant would go smoothly, and implied that if the potential witness cooperated with law enforcement the lawsuit would be made difficult.[1]  Mr. Romano made clear this message was coming from the defendant.  The potential witness's attorney did not reveal anything about the potential witness's cooperation or lack thereof and relayed to Mr. Romano that the attorney was uncomfortable with Mr. Romano conflating issues regarding the lawsuit and whether the potential witness was cooperating.  The next day, April 27, 2018, the potential witness's attorney received a letter faxed from the defendant's mother's fax number signed by the defendant and addressed to the potential witness and the potential witness's attorney in which he made threats to the potential witness, whom the defendant referred to as "coldly cooperating" with the government.  On April 30, 2018, based on these facts, Justice DiDomenico of the New York Supreme Court, Richmond County, issued a temporary order of protection against the defendant, in the witness's favor.  The potential witness's attorney hired her own attorney to handle the ethical issues she felt had arisen from Mr. Romano's comments and the defendant's letter.[2]

## III.   Violation of Protective Order

On March 29, 2018, the Court issued a protective order to protect certain wiretap interceptions (the "Interceptions") that the government intended to provide in discovery (the "Protective Order").  Among other things, the Protective Order stated that the Interceptions were only to be used for trial preparation, that no copies were to be made of the Interception, that the defendants were only allowed to review the Interceptions in the presence of defense counsel and that no disclosure or dissemination of the Interceptions was to be made.[3]

According to multiple witnesses, approximately three weeks ago, the defendant reproduced at least three copies of the Interceptions (adding descriptions of the Interceptions next to the file names) and placed each of the three copies in separate envelopes labeled in the defendant's handwriting with the names of the people to whom they were to be given.  The defendant then provided the envelopes containing the Interceptions to a friend to have the friend distribute them.  At the time the defendant provided the copies to his friend, the defendant's mother was present and she inquired as to whether the defendant

---

[1] As set forth in the government's initial detention memorandum, the defendant is well known for his scorched earth litigation tactics.  See, e.g., id. at 12-14.

[2] Additional facts regarding this incident are filed in a separate letter under seal and are incorporated here by reference.

[3] The government's application and the order itself still remain under seal; however, the government intends to move to unseal the order at the status conference on June 6, 2018.  Attached as Ex. 1 is an email (without attachments) sending the protective order to defense counsel.  The order is attached to the sealed portion of the bail revocation motion, also being filed today.

was allowed to be distributing the Interceptions.  According to one witness, the defendant then assured her that "Arthur" [Aidala] had said it was okay.  Another witness indicated that the defendant said that he knew it was okay because he is a lawyer himself.  Mr. Aidala later stated that he had never given the defendant permission to disseminate the tapes.[4]

DISCUSSION

## I.     Applicable Law

        Pursuant to 18 U.S.C. § 3148(a), "[a] person who has been released under [18 U.S.C. § 3142] and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court."  Section 3148(b) provides, in relevant part, that if the Court finds that there is "clear and convincing evidence" that the person has violated any condition of release, and that "the person is unlikely to abide by any condition or combination of conditions of release[,]" the Court "shall" enter an order of revocation and detention.  18 U.S.C. § 3148(b)(2).  Additionally, violation of the bond and violation of the Protective Order are punishable as criminal contempt under 18 U.S.C. § 401.

## II.    Analysis

        The defendant violated his order of release by using threats to attempt to corruptly prevent the testimony of a potential witness and violating the Protective Order (and the bond itself).  The defendant has demonstrated that there is no set of conditions by which he will aide, given that the bond on which he is released is restrictive and given that he violated the bond knowing that he was jeopardizing his parents' financial future.  In light of the defendant's multiple violations, the government respectfully submits that the defendant is "unlikely to abide by any condition or combination of conditions of release."  18 U.S.C. § 3148(b)(2).  Accordingly, the Court should revoke the defendant's release and issue a permanent order of detention as to the defendant.

---

[4]     Additional facts regarding this incident are filed in a separate letter under seal and are incorporated here by reference.

<u>CONCLUSION</u>

For reasons set forth above, the government respectfully requests that the Court revoke the release of the defendant Richard Luthmann and issue a permanent order of detention.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:    _____/s/_____
Moira Kim Penza
James P. McDonald
Assistant U.S. Attorneys
(718) 254-6454

cc:    Defense Counsel