Case 1:17-cr-00664-JBW-RER   Document 217   Filed 10/21/19   Page 1 of 15 PageID #: 1530

U.S.A.   v   RICHARD LUTHMANN

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 21 2019 ★
BROOKLYN OFFICE

1

# CHECKLIST FOR SENTENCING JUDGE TO PREVENT AVOIDABLE REMANDS

Judge Jack B. Weinstein
**Revised February 27, 2019**

PRELIMINARY MATTERS

A full transcript with nothing "off the record" is required.   ✓

Have defendant sworn.   ✓

Provide for interpretation, if necessary. Swear the interpreter.   ✓

**READINESS FOR SENTENCE**: Has the defendant read the presentence report and had it explained by counsel; is the defendant ready to be sentenced?

**CITIZENSHIP**: Is the defendant a citizen of this country? If not, has the defendant been made aware that he has the right to have his national consulate notified regarding his arrest and that officers of the consulate have the right to communicate with the defendant and to arrange for legal assistance? See Vienna Convention on Consular Relations and Optional Protocol on Disputes (Vienna Convention), April 24, 1963, 21 U.S.T. 77, 101, T.I.A.S. No. 6820; see also Breard v. Greene, 523 U.S. 371 (1998) (acknowledging the Vienna Convention "arguably confers on an individual the right to consular assistance following arrest" but denying habeas petition). If defendant has not been made aware, he should be made aware of his rights, the matter should be adjourned to allow defendant to confer with his attorney, and determine whether he would like to have consulate informed. If defendant does so desire, defense counsel should contact the appropriate consulate for defendant.   ✓

Has the Bureau of Immigration and Customs Enforcement/ immigration been informed?   X

You should assume that you will be deported after conviction by plea or trial. Does the defendant understand that his plea will probably result in his deportation, and continued exclusion from, this country?   X

**COLLATERAL DISABILITIES:** Ask defendant: Does the defendant understand that his plea will likely result in higher punishment for any crime committed in the future; and licensing and job disabilities and other legal and social difficulties in the future? Ask attorneys: Has the defense counsel discussed this subject with the defendant?   X

**ATTORNEY**: Ask defendant: Are you satisfied with your attorney? Ask attorneys: Are there any unresolved conflicts to be resolved?   ✓



**MOTIONS**: Are there any unresolved motions or contentions such as conflicts or dissatisfactions with representation? ✓

**NOTICE OF DEPARTURE**: If the court is being asked to or is considering a Guidelines departure, has counsel been given notice? If not, does the defendant or the government want an adjournment after learning of this possibility? ✓

The court must provide the parties reasonable notice if it is contemplating a departure. The notice must specify the grounds on which the court is considering the departure. Fed. R. Crim. P. 32(h). See Irizarry v. U.S., 553 U.S. 708 (2008) (holding Rule 32(h) notice requirement only applies when court contemplates a departure from the Guidelines, not a variance).

**VIDEO RECORDING**: Do the defendant and government consent to having this sentencing hearing recorded by video camera? If the defendant does so consent, he should be informed that the tape will be filed as part of the judicial record for purposes of appellate review of a departure from the Sentencing Guidelines, if necessary. The tape will otherwise be sealed. ✓

**GUIDELINES MANUAL**: Does the defendant have the correct version of the Guidelines (and know that he or she has the right to be sentenced under the most recent version, unless that version results in a harsher sentence than the version in effect at the time of the offense)? Picking and choosing portions of each version is not authorized. ✓

**DEMEANOR**: If anything bearing on the court's action is revealed in the defendant's demeanor, the court should note it in the record (e.g., "The defendant seems fully aware of the nature of the proceedings, and is following closely"). Ask if defense counsel agrees, and if there is any reason of incompetency or otherwise that sentencing should not proceed. ✓

**VICTIM STATEMENT**: Has the victim been provided with reasonable, accurate, and timely notice of all public court proceedings, including this one, pursuant to Section 3771 of Title 18 of the United States Code? Has the victim been given the opportunity to confer with the Government in this case? Does the victim wish to make a statement? *See* Justice For All Act of 2004, Pub. L. 108-405 (Oct. 30, 2004). ✓

<u>DEFENDANT'S RIGHTS AT SENTENCING</u>

**CONTEST PLEA**: Does the defendant wish to contest the plea entered before the magistrate judge? Show the minutes to the defendant and ask: Is the transcript accurate? Were any threats or promises made to induce the statements? Were the statements true? ✓

3

Does the defendant still want to plead guilty? He must say he pleads guilty as to each count.

**PLEA MINUTES**: The court should examine the plea minutes, then state that it adopts the findings of the magistrate judge made at the plea allocution and, based upon the information before it, accepts the plea. If there is any question about what happened at the allocution, the court should go through the Rule 11 checklist with defendant. ✓

> **[IF THE OFFENSE IS A SEX OFFENSE]** Do you understand that, as a result of your guilty plea to the offense(s) charged in this case, you may be required to register as a sex offender under the Sex Offender Registration and Notification Act?
> As a result of your guilty plea to the offense(s) charged in this case, you may face the possibility of civil commitment under the Adam Walsh Child Protection and Safety Act following the completion of any term of imprisonment. That Act permits the Attorney General or the Director of the Bureau of Prisons to certify that a prisoner approaching the end of his period of incarceration is a "sexually dangerous person." If, at a hearing before the court, the government demonstrates by clear and convincing evidence that the inmate is "sexually dangerous"—as that term is defined in the statute—the inmate is committed to further custody until the court determines that he is no longer sexually dangerous. Do you understand that?

**FATICO**: Does the defendant wish a <u>Fatico</u> factfinding hearing? (If the parties are not prepared to proceed at once, provide a pretrial order for exchange of witness lists, etc.). ✓

**ADDRESS PERSONALLY**: Does the defendant know he or she has the right to address the court personally? ✓

**WITNESSES**: Does the defendant know he or she has the right to put on witnesses, and to bring family and friends to court, in his or her support? ✓

**PRE-SENTENCE REPORT**: Does the defendant or the government wish to contest anything contained in the pre-sentence report? (If so, the court should make physical changes in the report, line by line, and direct probation to make the same changes in its copy, to be supplied to the correction authorities.) ✓

FINDINGS OF LAW AND FACT

**PARTICULARIZED FINDINGS**: The court must make particularized findings where required. For example, in conspiracy cases, the court must make findings as to whether the activity was foreseeable to the defendant and the scope of the criminal behavior ✓

4

agreed to by the defendant. Make specific findings as to the calculation of points and criminal history.

For upward departures under §3C1.1 (obstruction of justice), the court must make a "searching inquiry" and "independent findings" of relevant facts. Other upward or downward departures will require similar inquiry, evidence, stipulations and findings.

**OTHER FINDINGS:** Ask, "Are there any findings of fact or law that the defendant or the government wishes the court to make?"

**JURY TRIAL:** Ask, "Do you want a jury trial on any enhancing factors applicable?"

**CONFIDENTIAL INFORMATION:** In cases involving government informants/5K1 letters where a confidential submission has been made to the court, state: "The Court has received confidential information concerning this defendant that has been excluded from the disclosed portion of the presentence report. This information is relied upon in imposing sentence. Because the Court is satisfied that the information known to the defendant, his counsel, and counsel for the Government, a factual summary is unnecessary."

**CALCULATIONS:** Review calculations of Probation with counsel and defendant and make detailed findings where the probation analysis is not followed.

**DEPARTURE:**

> If you wish to depart, state: "Though I must, and do, give the Guidelines respectful consideration, I have the power to depart from the Guidelines for the following reasons among others . . . ."
>
> If you do not wish to depart, state: "I have the power to depart from the Guidelines, but exercise my discretion not to do so."
>
> If you would depart but believe you lack the power under the Guidelines, state: "I would depart from the Guidelines for the following reasons . . . , but I do not do so because I believe I lack the power under the Guidelines." I do have the power to depart outside the Guidelines and I will do so for reasons I will state later.
>
> State reasons for horizontal and/or vertical departure and explicitly justify the number of steps used on the Guidelines sentencing grid. Perform step-by-step.

**PLACE WITHIN RANGE:** If imposing a sentence that exceeds 24 months, state the reasons for choosing the place within the Guidelines range.

*[handwritten: Level 25 — 57-71   63   92m.*
*70-87]*

5

**OVERLAP**: If the sentence falls within either of two arguably applicable Guidelines ranges and the same sentence would have been imposed in either case, state this for the record.

**SAFETY VALVES**: There are two "safety valves" that allow the court to sentence a defendant below the sentence required by a statutory mandatory minimum.

The first safety valve, §3553(e), applies in all cases, and allows the judge to impose a below-minimum sentence if the government makes a motion under this section detailing the defendant's substantial assistance in a criminal investigation.
- When the court uses one of the safety valves, it should specifically state that it is using a safety valve and state which safety valve it is using. The court should also state that it is not applying the statutory mandatory minimum based on the safety valves, not on any other mitigating factors (such as a 5.K1 letter). United States v. Richardson, 521 F.3d 149 (2d Cir. 2008).

The second safety valve, § 3553(f), applies only in certain drug cases (those brought under sections 401, 404, or 406 of the Controlled Substances Act or 1010 or 1013 of the Controlled Substances Import and Export Act). Under this provision, the court must "impose a sentence pursuant to [the] guidelines" if the court finds, after the government has been afforded the opportunity to make a recommendation:

- that defendant does not have more than one criminal history point;

- that defendant did not use violence, credible threats of violence, or possess a firearm or other dangerous weapon in connection with the offense;

- that the offense did not result in death or serious bodily injury to any person;

- that defendant was not an organizer, leader, manager, or supervisor of others in the offense, and was not engaged in a continuing criminal enterprise, 21 U.S.C. § 848; and

- that, not later than the time of the sentencing hearing, the defendant has truthfully provided the government all information and evidence in his possession concerning the offense or the offenses that were part of the same course of conduct or common scheme or plan. The fact that the defendant has no relevant or useful other information shall not preclude a determination the defendant has complied with this requirement.

6

The court is to make its own determination whether defendant satisfies the safety valve provision, in light of the entire record including the government's recommendation. The defendant has the burden to prove that he has provided the requisite information and that he has made a good faith attempt to cooperate with the authorities to satisfy § 3553(f). United States v. Gambino, 106 F.3d 1105 (2d Cir. 1997).

## DETERMINING THE SENTENCE

**CONCURRENCY OF TERMS**: Use Guidelines calculation for overlap. Make concurrent if at all possible. If there is a state sentence already imposed recommend that the state facility be place where federal sentence is served. If there is no state sentence yet imposed, the federal sentence cannot be made concurrent with it. The court can, however, recommend that the federal sentence run concurrently with the state sentence. It is probably best to postpone the federal sentence until the state sentence is imposed. See United States v. Donoso, 521 F.3d 144 (2d Cir. 2008).

**SPLIT SENTENCE**: The court may order a "split sentence" consisting of a term of imprisonment and a term of supervised release. The latter, but not the former, may be conditioned upon a period of community confinement. United States v. Adler, 52 F.3d 20 (2d Cir. 1995).

**CUMULATIVE PUNISHMENT**: A defendant convicted of conspiracy, 21 U.S.C. § 846, and "continuing criminal enterprise," 21 U.S.C. § 848, should be sentenced only for the latter.

**OBSTRUCTION OF JUSTICE ENHANCEMENT**: Enhancement for perjury requires a higher burden of proof than preponderance and involves some discretion. Do not accuse the defendant of perjury if you do not wish to enhance. The defendant must have the specific intent to obstruct – e.g., if he leaves the jurisdiction, he must do so with the intent to interfere with prosecution. See U.S. v. Woodard, 239 F.3d 159 (2d. Cir. 2001).

**ENHANCEMENT FOR PRIOR CONVICTION**: Enhancement of sentence based on a prior felony drug conviction requires a specific multi-step procedure. See 21 U.S.C. § 851; *United States v. Jose D. Espinall*, No. 09-43344-cr (2d Cir. March 7, 2011).

Ask: "Has the government filed an information with the court and upon defendant stating that defendant has a prior felony drug conviction?" 21 U.S.C. § 851 (a)(1).

If yes, ask: "Does the defendant affirm or deny that he has been previously convicted as alleged in the information." *Id.* § 851(b).

7

Inform the defendant that: "[A]ny challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." *Id.*

If the defendant denies the allegation in the information as invalid he must file a written response to the information. *Id.* § 851(c)(1). The written response must set forth with particularity the factual basis for the claim. The person has the burden of proof by a preponderance of the evidence on any issue of fact raised by the response.

Following receipt of defendant's denial the court must "hold a hearing to determine any issues raised by the response which would except the person from increased punishment." *Id.*

At the hearing the government "shall have the burden of proof beyond a reasonable doubt on any issue of fact." *Id.*; *see also Alsol v. Mukasey*, 548 F.3d 207, 211 (2d Cir. 2008).

**NATURE OF INCARCERATION**: Discuss the date of surrender unless the defendant is incarcerated or is to surrender at once. Provide for designation of facility as place of surrender or if unknown (the usual case) allow the attorneys to work it out. If relevant make recommendations re: place of incarceration, treatment programs, educational and vocational training, medical treatment, etc.

**IMMIGRATION CONSEQUENCES:**

1) If the defendant is not a citizen of this country, ask the defendant: has your attorney discussed the possible immigration/deportation consequences of a guilty plea with you?

2) Judicial order of deportation. Under 8 U.S.C. 1228(c), as amended Oct. 25, 1994 and renumbered and transferred Sept. 30, 1996, the court may issue a judicial order of deportation at the time of sentencing. A number of procedural prerequisites must have been followed. Avoid such a recommendation unless the defendant asks for it.

3) Recommendation: It may be appropriate to state, on the record, any findings or suggestions that will be helpful in immigration proceedings. Also, if defendant is to be deported, state that supervised release need not be served in this country.

4) Avoid deportation during appeal: Warn parties that defendant should be made available for resentencing in this country should there be a reversal on appeal.

**FINES AND RESTITUTION**: For both fines and restitution, the sentencing court is now discouraged from authorizing a probation officer to make post-sentencing decisions as to amount or schedule of payments. Make an affirmative statement on the record that the court considered, and made findings as to a) the amount of loss sustained by any

8

victim as a result of the offense; b) the financial resources and ability to pay of the defendant; c) the financial needs and earning ability of the defendant and the defendant's dependents; and d) any other factors the court deems appropriate. See 18 U.S.C. 3664(a).

**FINES**: Provide for the fine. If payment is to be made over time, so state. Indicate what shall be done about interest on the unpaid balance. Imposition of a punitive fine is not required before a cost-of-imprisonment fine may be imposed. United States v. Sellers, 42 F.3d 116, 119-20 (2d Cir. 1994).

Amounts, due dates, and interest. Specify the amount of the fine imposed on each count, as well the cumulative amount to be paid by the defendant.

Fines are due immediately upon imposition, unless, "in the interest of justice," the court provides for payment at a later date or through an installment plan. 18 U.S.C. § 3572(d).

Sections of the criminal code dealing with fines provide that interest shall apply. U.S.C. § 3612 (f)(2). The court has the authority to modify the amount of interest, if the court determines that defendant "does not have the ability to pay interest." 18 U.S.C. § 3612(f)(3).

If the court determines that the defendant "does not have the ability to pay interest," the court may direct that the interest is being waived; restricted to a specific amount; or allowed to accrue for a limited time or after a specified time. 18 U.S.C. § 3612(f)(3).

Granting stays on appeal. Fines and the related interest are not automatically stayed upon appeal. A stay must be affirmatively granted by either the district court or the court of appeals. "[A]bsent exceptional circumstances," when the fine is stayed, the court must require the defendant to either (a) deposit the amount of the fine in the registry of the district court; (b) provide bond or other security to ensure payment of the fine; or, (3) restrain the defendant from dissipating assets. 18 U.S.C. § 3572(g) and Rule 38(c), Federal Rules of Criminal Procedure.

Specifying a date payment is due and installment plans. In the event the court does not want the fine to become due immediately, it may specify any date up to five years from the date of sentence, "excluding any period served by the defendant as imprisonment for the offense." 18 U.S.C. § 3572(d).

If the court provides for payment of the fine through installments, the court itself must specify the amount and timing of the payments. It is impermissible for the court to delegate the formation of an installment plan to the Probation Department. United States v. Kassar, 47 F.3d 562, 568 (2d Cir. 1995).

Installment payments can be extended, at most, over a period of five years from the date of sentence, exclusive of any time served by the defendant in custody for the offense. 18 U.S.C. § 3572(d).

**RESTITUTION**: Note that the law favors – even insists on – restitution. Allow anyone seeking restitution to be heard and opposed by counsel.

Does the defendant wish a jury trial on the restitution amount? *See* Grant Mainland, *A Civil Jury in Criminal Sentencing*, 106 Colum. L. Rev. 1330 (2006).

Identify the Restitution Statute.
(a) If defendant was convicted of Supplemental Security Income fraud, any restitution should be imposed pursuant to 42 U.S.C. § 1383a(b)(1).
(b) Restitution for any other criminal conviction should be imposed pursuant to the general restitution provision of 18 U.S.C. § 3663.
(c) But where defendant has pled to SSI fraud and agreed that the court may order restitution under 18 U.S.C. § 3663, the court may do so. United States v. Jacques, No. 01-3148, slip op. 6437, 6444 (2d Cir. Mar. 3, 2003).

Amounts, due date, and interest. State the amount of restitution on each count, so as to be consistent with the decision in United States v. Huey, 495 U.S. 411 (1990) (restitution can only be ordered for the conduct constituting the "count of conviction").

Unless the court directs otherwise, restitution is due immediately. 18 U.S.C. § 3663(e)(3).

The sections of the criminal code dealing with restitution do not provide for interest on restitution.

Granting stays on appeal. Like a fine, an order of restitution is not automatically stayed upon appeal. A stay may be granted by the district court or the court of appeals on such terms that the court deems appropriate. Those terms may include requiring the defendant to deposit part or all the restitution amount in the district court registry; posting bond or security; or restricting the defendant from dissipating assets. Federal Rule of Criminal Procedure 38(e).

Specifying a date payment is due and installment plans. The court may specify that restitution is due on any date no later than (a) the end of any probation term imposed; (b) five years after the end of any imprisonment imposed; or, in any other case, (c) five years from the date of sentencing. 18 U.S.C. § 3663(f)(2).

Establish a fixed installment plan. In those cases where the court determines that the restitution should be paid in installments, the court must specify the amount and timing of

10

the installments. It is impermissible for the court to defer to the Probation Department in establishing a payment plan for restitution. United States v. Porter, 41 F.3d 68 (2d Cir. 1994).

Providing for family. The court must make a firm order of restitution. Should it later appear that there are insufficient assets to support the family, the court may be able to modify the payment order. Parties, family, or restitutee may notify the court if modification is needed; hearing or stipulation will be used to order modification. Cf. Fed. R. Civ. Proc. Rule 32.1(b); United States v. Golino, 956 F. Supp. 359 (E.D.N.Y. 1997).

Ability to pay. In explaining the decision whether or not to impose restitution, you *may* choose to state the following:
> I have considered (1) the amount of the loss sustained by each victim as a result of the offense, (2) the financial resources of the defendant, (3) the financial needs and earning ability of the defendant and the defendant's dependents. . ., and (4) [any other factors the court deems appropriate].

United States v. Jacques, No. 01-3148, slip op. 6437, 6445 (2d Cir. Mar. 3, 2003) (quotation marks omitted); see also United States v. Walker, 353 F.3d 130 (2d Cir. 2003) (sentencing courts no longer have to indicate consideration of the mandatory factors); 18 U.S.C. § 3664(a); 18 U.S.C. § 3663(a)(1)(B)(i).

Upon determination of the amount of restitution owed to each victim, the court shall specify the manner in which the restitution is to be paid in consideration of: "A) the financial resources and any other assets of the defendant, including whether any of these assets are jointly controlled, B) projected earnings and other income of the defendant, and C) any financial obligations of the defendant; including obligations to dependants." 18 U.S.C. § 3664(f)(2)(A)-(C); see also United States v. Hoang Van Tran, and Vicheth Som, Nos. 99-1278(L) & 99-1389, slip op. 7105, 7133 (2d Cir. Nov. 15, 2000).

Identifying to whom payment should be made. The restitution order must indicate whether the defendant is to make payment directly to the victim, the Attorney General, an agency appointed through 28 U.S.C. § 604(a)(18), or other person eligible under 18 U.S.C. § 3663(f)(4). The statute does not define "other person eligible under this section." However, historically, probation officers have frequently acted as intermediaries between the defendant and victim in regard to restitution payments.

If there is more than one restitutee the payments to them should be stated to be in the proportion of the amount due to each to the total due. Probation can figure that out.

Restitution orders may be enforced by the government or the victim named in the order. 18 U.S.C. § 3663(h). Therefore, it is important that the victim be specifically identified if the court wants to grant that victim the independent ability to enforce the order.

The court is required, when imposing restitution, to direct that the victims named in the order be given priority in payment over other victims not named. 18 U.S.C. § 3663(e)(1).

**SPECIAL ASSESSMENTS**: The court should specify the amount of the assessment on each count, which varies according to the classification of the offense and whether the defendant is an individual or other entity--such as a corporation. 18 U.S.C. § 3013(a). It should also specify the total amount to be paid on all the counts cumulatively. Payment should be ordered forthwith, with or without interest.

**SUPERVISED RELEASE**: Impose term consistent with Guidelines § 5D1.2. Inform defendant that if he/she is deported, it is a violation of supervised release to reenter the country illegally as well as a crime so the penalties may be "double."

Conditions of Supervised Release:

"All standard conditions listed in sections 5D1.3(a) & (c) of the Sentencing Guidelines"
    -Does defendant oppose imposition of any of the standard conditions? Standard condition reading is usually waived by defense counsel.

If case is a felony, restitution has been ordered, defendant has drug or mental health problems, is a deportable alien, or sex offender:
"Applicable special conditions under section 5D1.3(d) of the Sentencing Guidelines"
    -Does defendant oppose any of the special conditions?

Additional special conditions listed in 5D1.3(e), for a case-by-case determination: Community confinement (halfway house), community service, occupational restrictions, curfew, and home detention (as a substitute for incarceration). These must be specified exactly and in detail.

The defendant is specially reminded of the following specific conditions which are specifically imposed:

    __ Psychiatric Treatment
    __ Drug or Alcohol Treatment
    __ Gambling Treatment
    __ Work
    __ School
    __ Residence

    \_\_ Community Service
    \_\_ No Guns
    \_\_ No Drugs
    \_\_ No Relationships with Particular Groups/Individuals
    \_\_ Other [Be careful of conditions that interfere with free speech or ability to earn a living.]

## CONCLUDING MATTERS

**OTHER MATTERS**: Ask, "Are there any other matters the defendant or government wishes to bring to the court's attention?"

**RETURN OF PROPERTY**: If applicable, arrange to avoid unnecessary subsequent civil proceedings for return.

**APPEAL**: Does the defendant know that he or she has the right to appeal the decision of the sentencing court subject to a waiver in the plea agreement? Does the defendant know that even if his guilty plea contains a waiver provision, he may still request that his attorney perfect an appeal? See Campusano v. United States, 442 F.3d 770 (2d Cir. 2006). The court takes no position on the validity of any waiver; such a determination would be made by the court of appeals. If the case was tried or a conditional plea was taken notice of a general right to appeal suffices. Will counsel take the necessary steps to protect the right of defendant to appeal and to have counsel on appeal?

The court must advise the defendant of any right to appeal, of the right to ask for permission to appeal in forma pauperis if he is unable to pay appeal costs, and of the right to appointed appellate counsel if defendant is indigent. Fed. R. Crim. P. 32(j).

**DISMISSAL OF OPEN CHARGES**: (if applicable)

**IF A RESENTENCE**: Be certain to reimpose any elements of the sentence (fine, restitution, etc.) not discussed at the resentencing proceeding.

**STATEMENT AND EVIDENCE**: Allow defendant and counsel to make a statement and produce witnesses. All documents including letters submitted by counsel or others should be marked as evidence.

***BOOKER* COLLOQUY** [The court states the following.]:

13

1)    The Guidelines are no longer mandatory, but the court finds the total offense level to be __, criminal history __, which yields a guideline range of imprisonment of __ to __ months.

2)    The court is required to give "respectful consideration" to the Guidelines and the factors listed in section 3553(a) of Title 18 of the United States Code, and it has done so. See United States v. Verkhoglyad, 516 F.3d 122 (2d Cir. 2008).

> Section 3553(a) provides in relevant part:
> The court, in determining the particular sentence to be imposed, shall consider –
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> > (2) the need for the sentence imposed –
> > > (A) to reflect the seriousness of the offense, to promote respect for the          law, and to provide just punishment for the offense;
> > > (B) to afford adequate deterrence to criminal conduct;
> > > (C) to protect the public from further crimes of the defendant; and
> > > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> > (3) the kinds of sentences available;
> > (4) the kinds of sentence and the sentencing range established for –
> > > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
> > > > (i) issued by the Sentencing Commission . . .
> > (5) any pertinent policy statement –
> > > (A) issued by the Sentencing Commission . . .
> > (6) the need to avoid unwarranted sentence disparities among defendants with                   similar records who have been found guilty of similar conduct; and
> > (7) the need to provide restitution to any victims of the offense.

> The court has considered each of these seven elements. [Expand and explain as appropriate.]

3)    The court has given substantial weight to the Guidelines range as part of its considerations of the sentence. [State findings of fact on enhancements or other adjustments, and any departures and reasons for them, citing the evidence and other considerations unless earlier stated].

4)    Where the "career offender" guideline, § 4B1.1 and 28 U.S.C. § 944(h) is involved (2 prior violent or drug felonies), the court should state that it gives "respectful attention

to these policies, but finds a sentence at or near the maximum is inappropriate for the reasons stated. See United States v. Sanchez, 517 F.3d 651 (2d Cir. 2008).

5) After considering the Guidelines, as well as all the factors set forth in section 3553(a), the court decides to:

    (a) impose a sentence that would have been imposed under the Guidelines, either falling within the applicable Guidelines range or within permissible departure authority as follows: [State permissible departure authority unless earlier stated]; or

    (b) impose a non-Guidelines sentence departing from the Guidelines for the following reasons: [State evidence and considerations of policy such as general deterrence, specific deterrence, incapacitation, etc. See my Jan. 28, 2005 Memorandum Regarding Sentencing Considerations.]

6) I am authorized to find and do find all the facts appropriate for a determination of the sentence as follows:

**WHERE THERE WAS DISPUTE ABOUT ENHANCEMENTS/CALCULATIONS:** State that the sentence would have been the same regardless of whether the enhancements included in the calculations were applied or not. See United States v. Jass, 569 F.3d 47, 68 (2d Cir. 2009) (affirming and holding error was harmless where court stated it would have imposed same sentence regardless of whether enhancement was applied).

ANNOUNCING THE SENTENCE

    __IMPRISONMENT (with recommendations)
    __PROBATION (with or without special conditions)
    __FINE
    __RESTITUTION
    __SUPERVISED RELEASE
    __SPECIAL ASSESSMENT
    __DEPORTATION ISSUES

# SENTENCING TABLE
### (in months of imprisonment)

| Offense Level | I (0 or 1) | II (2 or 3) | III (4, 5, 6) | IV (7, 8, 9) | V (10, 11, 12) | VI (13 or more) |
|---|---|---|---|---|---|---|
| 1  | 0–6    | 0–6    | 0–6    | 0–6    | 0–6    | 0–6 |
| 2  | 0–6    | 0–6    | 0–6    | 0–6    | 0–6    | 1–7 |
| 3  | 0–6    | 0–6    | 0–6    | 0–6    | 2–8    | 3–9 |
| 4  | 0–6    | 0–6    | 0–6    | 2–8    | 4–10   | 6–12 |
| 5  | 0–6    | 0–6    | 1–7    | 4–10   | 6–12   | 9–15 |
| 6  | 0–6    | 1–7    | 2–8    | 6–12   | 9–15   | 12–18 |
| 7  | 0–6    | 2–8    | 4–10   | 8–14   | 12–18  | 15–21 |
| 8  | 0–6    | 4–10   | 6–12   | 10–16  | 15–21  | 18–24 |
| 9  | 4–10   | 6–12   | 8–14   | 12–18  | 18–24  | 21–27 |
| 10 | 6–12   | 8–14   | 10–16  | 15–21  | 21–27  | 24–30 |
| 11 | 8–14   | 10–16  | 12–18  | 18–24  | 24–30  | 27–33 |
| 12 | 10–16  | 12–18  | 15–21  | 21–27  | 27–33  | 30–37 |
| 13 | 12–18  | 15–21  | 18–24  | 24–30  | 30–37  | 33–41 |
| 14 | 15–21  | 18–24  | 21–27  | 27–33  | 33–41  | 37–46 |
| 15 | 18–24  | 21–27  | 24–30  | 30–37  | 37–46  | 41–51 |
| 16 | 21–27  | 24–30  | 27–33  | 33–41  | 41–51  | 46–57 |
| 17 | 24–30  | 27–33  | 30–37  | 37–46  | 46–57  | 51–63 |
| 18 | 27–33  | 30–37  | 33–41  | 41–51  | 51–63  | 57–71 |
| 19 | 30–37  | 33–41  | 37–46  | 46–57  | 57–71  | 63–78 |
| 20 | 33–41  | 37–46  | 41–51  | 51–63  | 63–78  | 70–87 |
| 21 | 37–46  | 41–51  | 46–57  | 57–71  | 70–87  | 77–96 |
| 22 | 41–51  | 46–57  | 51–63  | 63–78  | 77–96  | 84–105 |
| 23 | 46–57  | 51–63  | 57–71  | 70–87  | 84–105 | 92–115 |
| 24 | (51–63) | (57–71) | 63–78 | 77–96  | 92–115 | 100–125 |
| (25) | 57–71 | 63–78  | 70–87  | 84–105 | 100–125 | 110–137 |
| 26 | 63–78  | 70–87  | 78–97  | 92–115 | 110–137 | 120–150 |
| 27 | 70–87  | 78–97  | 87–108 | 100–125 | 120–150 | 130–162 |
| 28 | 78–97  | 87–108 | 97–121 | 110–137 | 130–162 | 140–175 |
| 29 | 87–108 | 97–121 | 108–135 | 121–151 | 140–175 | 151–188 |
| 30 | 97–121 | 108–135 | 121–151 | 135–168 | 151–188 | 168–210 |
| 31 | 108–135 | 121–151 | 135–168 | 151–188 | 168–210 | 188–235 |
| 32 | 121–151 | 135–168 | 151–188 | 168–210 | 188–235 | 210–262 |
| 33 | 135–168 | 151–188 | 168–210 | 188–235 | 210–262 | 235–293 |
| 34 | 151–188 | 168–210 | 188–235 | 210–262 | 235–293 | 262–327 |
| 35 | 168–210 | 188–235 | 210–262 | 235–293 | 262–327 | 292–365 |
| 36 | 188–235 | 210–262 | 235–293 | 262–327 | 292–365 | 324–405 |
| 37 | 210–262 | 235–293 | 262–327 | 292–365 | 324–405 | 360–life |
| 38 | 235–293 | 262–327 | 292–365 | 324–405 | 360–life | 360–life |
| 39 | 262–327 | 292–365 | 324–405 | 360–life | 360–life | 360–life |
| 40 | 292–365 | 324–405 | 360–life | 360–life | 360–life | 360–life |
| 41 | 324–405 | 360–life | 360–life | 360–life | 360–life | 360–life |
| 42 | 360–life | 360–life | 360–life | 360–life | 360–life | 360–life |
| 43 | life   | life   | life   | life   | life   | life |

Zone A: levels 1–8
Zone B: levels 9–11
Zone C: levels 12–13
Zone D: levels 14–43

November 1, 2018