

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

TH:JPM/GN
F. #2017R00050

271 Cadman Plaza East
Brooklyn, New York 11201

April 26, 2021

By ECF and Hand Delivery

The Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Richard Luthmann
                Criminal Docket No. 17-664 (RJD)

Dear Judge Dearie:

      The government respectfully submits this letter in response to pro se defendant Richard Luthmann's motions (1) for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (ECF Dkt. No. 265); and (2) to modify the terms of his supervised release (ECF Dkt. No. 266). Both motions are meritless and should be denied.

I.      Factual Background

      The procedural background of this case is set forth in the government's recent opposition papers to the defendant's motion for return of property (ECF Dkt. No. 269). Briefly, the defendant pleaded guilty on March 18, 2019 to Count One of the indictment, charging wire fraud, in violation of 18 U.S.C. § 1343, and to Count Nine, charging extortionate collection of credit conspiracy, in violation of Title 18, United States Code, Section 894(a). (ECF Dkt. No 174). On September 5 and September 9, 2019, the Honorable Jack B. Weinstein, United States District Judge conducted a sentencing hearing and sentenced the defendant to 48 months' imprisonment, three-years' supervised release with conditions, $559,911.26 in restitution and forfeiture. (ECF Dkt. Nos. 211, 216). On October 23, 2019, the Judgment was issued that set forth the terms of the sentence. (ECF Dkt. No 219). The defendant did not appeal the Judgment and has filed no post-conviction petitions for relief from the Judgment.

      The Judgment included mandatory, standard, and special conditions of supervise release. (Id. at 3-5). Here, the defendant challenges certain special conditions of

supervised release. There were five special conditions imposed, which are summarized as follows:

> (1) The defendant shall comply with the forfeiture and restitution orders in the case;
> (2) The defendant shall participate in mental health treatment as approved by Probation;
> (3) The defendant shall, upon request, provide full financial disclosures to Probation;
> (4) The defendant shall cooperate with Probation in the investigation and approval of any position of self-employment;
> (5) The defendant shall comply with disciplinary actions taken by the state bar and assist Probation with monitoring such compliance, with the provision that the defendant is permitted to assist attorneys with legal work but not as an attorney.

(Id. at 5).

At the time the defendant filed the instant motions, he was incarcerated by the Bureau of Prisons ("BOP") at the Allenwood Low Security Institution in White Deer, Pennsylvania. However, on April 19, 2021, the defendant was transferred to the Salvation Army Residential Reentry Center in Fort Myers, Florida, a contracted center that provides assistance to inmates who are nearing release. The defendant is fully inoculated against COVID-19; while still at Allenwood prison, he received his first COVID-19 Moderna vaccine dose on January 5, 2021, and the second dose on February 3, 2021.

II.  The Motions

On March 8, 2021, the defendant, acting pro se, filed a motion for compassionate release (ECF Dkt. No. 265), accompanied by an 11-page declaration signed by the defendant (ECF Dkt. No. 262) and a 13-page supplemental declaration (ECF Dkt. No 263) (under seal). In its legal argument, the compassionate release motion contends that the defendant has exhausted his administrative remedies (Id. at 11), and that the defendant "has several serious health conditions as detailed in his PSR and BOP Health Records" including ███████████████████████████████████, all conditions which the Center for Disease Control (CDC) indicates as placing Luthmann in the 'HIGH RISK' category for complications and/or death from the COVID-19 virus."[1] (Id. at 12). The motion further

---

[1] The government respectfully requests that a redacted version of this letter be filed publicly, sealing this select portion of the motion that reveals health information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") that has not otherwise been disclosed in the defendant's public filings. See Offor v. Mercy Med. Ctr., 167 F. Supp. 3d 414, 445 (E.D.N.Y. 2016) ("Courts in this Circuit have repeatedly held that information protected by HIPAA is not subject to a First Amendment or common-law right

2

avers that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓" (Id.). The motion further states that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in January 2021. (Id. at 13), and that medical personnel at LSCI-Allenwood have "been unresponsive to Luthmann's medical conditions that include memory loss and confusion." (Id.). The defendant further questions the accuracy of his medical records and disputes characterizations in the records. (Id.). The motion for compassionate release further contends that the conditions within BOP facilities, in conjunction with the defendant's medical conditions, render it unsafe for the defendant to remain at LSCI-Allenwood. (Id. at 13-14).

On March 15, 2021, the defendant filed a motion to modify what the defendant characterizes as "conditions" of his supervised release. (ECF Dkt. No. 266). In the motion, the defendant quotes statements made by Judge Weinstein during the sentencing proceeding, including:

(1) You are not to [obstruct] justice or try to harm anybody who participated (ECF Dkt. No 266, at 3);
(2) You are not to submit any threatening letter or conversation or indirect threat to anyone (Id. at 4);
(3) You are to observe any Court-issued protective orders and limits on interceptions (Id. at 5).

The "conditions" that Luthmann complains of are statements made by Judge Weinstein during the defendant's sentencing proceeding. (See ECF Dkt. No. 229, at 98:3-13). The substance of what Judge Weinstein stated (not to further violate the law) may be subsumed in the mandatory and standard conditions of release, including that the defendant is not to violate any federal, state or local law. But these three "conditions" which the defendant seeks to modify are not themselves supervised release conditions included in the Judgment.

III. The Motion for Compassionate Release Should be Denied

The defendant's motion for compassionate release should be denied. The defendant is no longer housed at Allenwood prison but is at a residential reentry center in Florida. Given this transfer to the RRC, the risks he identified from his custodial status at Allenwood are no longer pertinent. More importantly, given his receipt of the Moderna COVID-19 vaccine in early January and February 2021, there is no factual basis on which to conclude the defendant is susceptible to COVID infection, or severe illness, at this time. Indeed, his full vaccination precludes his eligibility for compassionate release on account of COVID-19 risk. See, e.g., United States v. Smith, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) (Ludington, J.) ("absent some shift in the scientific consensus, Defendant's

---

of access and thus have sealed docket entries and redacted documents that contain such information."), vacated in part on other grounds, 676 F. App'x 51 (2d Cir. 2017).

vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A).").

Although omitted from the defendant's motion, as the Court is aware from public reporting for completeness of the record, the defendant has received a vaccine approved by the FDA for emergency use based on its conclusion that, in extensive testing, the vaccine was approximately 95% effective in preventing COVID-19 infection, including in participants with medical comorbidities associated with high risk of severe COVID-19. See FDA Decision Memorandum, Moderna - Dec. 18, 2020, https://www.fda.gov/media/144673/download. Various studies continue to confirm the efficacy of many COVID vaccines. For instance, on April 1, 2021, Pfizer reported its follow-up study on the 44,000 participants in its Phase 3 trial. It found that the vaccine, based on mRNA technology (like the Moderna vaccine), was 91.3% effective against COVID-19, measured seven days through up to six months after the second dose, across age, gender, race, and ethnicity demographics, across participants with a variety of underlying conditions, and during a period through March 13, 2021, when variants were circulating. Pfizer further found that the vaccine was 100% effective against severe disease as defined by the CDC and 95.3% effective against severe disease as defined by the FDA. https://www.businesswire.com/news/home/20210401005365/en/.

In sum, the defendant is no longer in the facility for which he claimed the conditions presented an infection risk to him, and he is not at high risk of contracting severe COVID-19 because he has been fully vaccinated by an effective vaccine. Indeed, the defendant received the vaccine well ahead of most people in the United States. There are thus no "extraordinary and compelling reasons" justifying a compassionate release in this case, and he is thus precluded from eligibility under 18 U.S.C. § 3582(c)(1)(A).

IV.     The Motion to Modify Supervised Release Conditions Should be Denied

The defendant's motion to modify what he has termed as "conditions" of his supervised release should be denied. As the Court can see from its review of the Judgment, none of the "conditions" that Luthmann claims were imposed were actually imposed. More importantly, even if such conditions had been imposed, the Court lacks statutory authority to modify the conditions at this time on the basis of claimed illegality, as Luthmann posits here. Although modification of a term of supervised release is permissible under 18 U.S.C. § 3583(e), the Second Circuit holds that "[t]he plain language of [18 U.S.C. §] 3583(e)(2) indicates that the illegality of a condition of supervised release is not a proper ground for modification under this provision." United States v. Lussier, 104 F.3d 32, 34–36 (2d Cir. 1997). If, as here, the defendant believed that the sentence imposed was illegal, he was obligated to appeal the sentence to Second Circuit. Luthmann filed no such appeal, and his time for doing so, or for filing a petition under 28 U.S.C. § 2254, have both lapsed. See Gonzalez v. Thaler, 565 U.S. 134, 137 (2012) ("The second provision, 28 U.S.C. § 2244(d)(1)(A), establishes a 1–year limitations period for state prisoners to file federal habeas petitions, running from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'").

4

Because the conditions of supervised release that Luthmann challenges were not actually imposed as part of the sentence and because his time to challenge (through appeal or collateral attack) such conditions has passed, the motion to modify the term of supervised release should be denied.

V.  Conclusion

For the reasons outlined above, the defendant's motions (1) for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (ECF Dkt. No. 265); and (2) to modify the terms of his supervised release (ECF Dkt. No. 266) should be denied.

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney

By: _____/s/_____
James P. McDonald
Genny Ngai
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (JBW) (by ECF)
Richard Luthmann (by U.S. Mail)